Per Curiam
: These are cross-appeals from a final order of the Indian Claims' Commission (in its Docket No. 314 Amended) that the 'appellant-petitioners “on behalf of the Wea Nation or Tribe of Indians as constituted at the time of the October 2, 1818 treaty (7 Stat. 186), recover from the United States the sum of $876,477.30.” The appellant-petitioners attack the Commission’s order on two grounds: (1) the defendant was improperly allowed an offset of $24,000 by reason of the grant by the United States of 125 sections of land to the Wea Nation in the Treaty of October 29,-1832, 7 Stat. 410; and (2) the judgment should have been awarded simply to the Peoria Tribe of Indians of Oklahoma, without more.
On the first point, we affirm the Commission which' correctly determined that the grant to the Weas in 1832 was a gratuity since that tribe gave nothing to the United States *1011 in return for the 125 sections.[1] A gratuitous grant of laird is a proper offset. Cf. Red Lake, Pembina amd White Earth Bands, et al. v. United States, 164 Ct. Cl. 389, 398-99 (1964).
As to the form of judgment, appellants claim that by the Treaty of May 30,1854, 10 Stat. 1082, the Weas joined with the Piankeshaws, the Kaskaskias, and the Peorias to form a single and consolidated tribe whose present-day successor is the Peoria Tribe of Indians of Oklahoma. It follows, appellants say, that the judgment should run in favor of the whole Peoria Tribe of Indians of Oklahoma without qualification, since that Tribe is the only true successor of the Wea Nation. We note, however, that the petition before the Indian Claims Commission was filed by “The Peoria Tribe of Indians of Oklahoma and Amos Kobinson Skye on behalf of the Wea Nation”, and the Peoria Tribe did not simply sue in its own behalf. Tlie Commission followed the petition filed by appellants, except that it added, with reference to the Wea Nation, the phrase “as constituted at the time of the October 2,1818 treaty (7 Stat. 186).” We hold that this phrase should not have been added, and must be deleted, since it may well connote that only the descendants of members of the Wea Nation at that time can participate in the award. This would be contrary to the rule of Minnesota Chippewa Tribe v. United States, 161 Ct. Cl. 258, 210-11, 315 F. 2d 906, 913-14 (1963). See, also, Spokane Tribe of Indians v. United States, 163 Ct. Cl. 58, 72 (1963). If this added phrase is excised, the Commission’s order will accord with this court’s holding in Minnesota Qhippewa that the proper beneficiary of that award was “the Minnesota Chippewa Tribe on behalf of the Mississippi, Pillager, and Lake Winnibi-goshish bands.” The order will also accord with appellants’ own petition which initiated this suit.
How the award is to be paid and precisely who can participate in an award to the Peoria Tribe on behalf of the Wea Nation are questions for Congressional and administrative de *1012 termination. Cf. Minnesota Chippewa Tribe v. United States, supra, p. 271 (fn. 11), 315 F. 2d at 914; Winton v. Amos, 255 U.S. 373, 391-92 (1921); Cherokee Nation v. Hitchcock, 187 U.S. 294, 306 (1902); Lone Wolf v. Hitchcock, 187 U.S. 553, 565 (1903); Phineas Pam-To-Pee v. United States, 148 U.S. 691, 704-05 (1893); McCalib v. United States, 83 Ct. Cl. 79, 85 (1936); Journeycake v. Cherokee Nation, 31 Ct. Cl. 140, 143-44 (1896).[2] We do not decide whether or not the Treaty of May 30,1854, supra, made the consolidated Peoria Tribe the full and only successor to claims of the Wea Nation arising out of events prior to that treaty; nor do we decide, on the other hand, that only descendants of Weas can benefit from the award in this case. These and like issues we leave open for decision by the legislative and executive branches.
The Government’s appeal argues that the entire award should be vacated because there is no showing that an identifiable group of Wea Indians exists today. The Commission held, at the outset of this and related cases, that appellant Peoria Tribe of Indians of Oklahoma, organized under the Oklahoma Indian Welfare Act of June 26,1936,49 Stat. 1967, was entitled to bring this suit on behalf of its constituents, including the Weas, but that proof must be made that “there are existing members, or descendants of members, of the tribes for which claims are so made.” 4 Ind. Cl. Comm. 223, 239, 248 (1956). The appellants thereupon proved that at least two scattered families descended from Weas were still extant. The defendant urges that two such families cannot constitute a tribe, band, or other identifiable group of American Indians within the meaning of the Indian Claims Commission Act. But the appellants were required by the Commission to show only that there are some living members or descendants of members of the Weas. This was done as required. The appellants cannot now be held to a demand, *1013 never imposed bj tbe Commission or sought by tbe defendant, tbat they show all or most of the Weas who are now living. On the record as made, we have no reason to disturb the Commission’s finding that “there were and now are living members, or descendants of members, of each of the above-named tribes or nations of Indians [including the Wea Nation] and that the individual petitioners named in the respective petitions are members of the tribes or nations of Indians they respectively represent” (Interlocutory Order of March 14,1957, in Docket Nos. 65, 66, 99, 289, 313, 314, and 338). This finding embodies an adequate determination that the Weas constitute a tribe, band, or identifiable group. Cf. Thompson v. United States, 122 Ct. Cl. 348, 357 (1952), cert. denied, 344 U.S. 856.
The final order of the Indian Claims Commission is modified to eliminate the phrase “as constituted at the time of the October 2,1818 treaty (7 Stat. 186)”, and as so modified is affirmed.

Modified and affirmed.

 The similar grant in tlie same treaty to tlie Piankeshaws may not have been a gratuity since that tribe did cede lands in return, but the consideration flowing from 'the Piankeshaws cannot avail the Weas who were treated ■ as a separate entity.

 In McGhee v. United States, 122 Ct. Cl. 380, 388, 396 (1952), cert. denied, 344 U.S. 856, and Cherokee Freedmen, et al. v. United States, 161 Ct. Cl. 787 (1963), the court was concerned with contentions that interested parties were not represented by the suing claimants. Here, on the other hand, there is no doubt that all possible interested parties are represented by the appellant-petitioners. No such party is necessarily excluded by the form or nature of the award itself.